21-3006-cr
*United States v. Burgos*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-three.

PRESENT:

>PIERRE N. LEVAL,
>DENNY CHIN,
>EUNICE C. LEE,
>>*Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                          No. 21-3006-cr

TYRONE HOWARD, AKA SEALED DEFENDANT 2, BOBBY RAMOS, AKA TY, AKA SEALED DEFENDANT 3, ODALYS ROJAS, AKA SEALED DEFENDANT 4,

>*Defendants*,

JONATHAN BURGOS, AKA SEALED DEFENDANTS 1, AKA JOHN JOHN,

>*Defendant-Appellant*.

-----------------------------------------------------------------

For Defendant-Appellant:                      Jonathan Rosenberg,
                                              Rosenberg Law Firm,
                                              Brooklyn, NY.


For Appellee:                                 Samuel P. Rothschild, Micah F.
                                              Fergenson, Danielle R. Sassoon,
                                              Assistant United States Attorneys,
                                              *on behalf of* Damian Williams,
                                              United States Attorney for the
                                              Southern District of New York,
                                              New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jonathan Burgos appeals from a judgment and sentence entered following a jury trial at which he was convicted of one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and one count of possession of narcotics with intent to distribute, in violation of 21 U.S.C. § 841. On appeal, Burgos argues that the district court: (1) erred in denying his suppression motion; (2) abused its discretion in admitting various evidence; and (3) committed procedural error at sentencing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

### I.    Motion to Suppress

Burgos was arrested on February 6, 2020, following a months-long New York Police Department (NYPD) investigation into a cocaine ring Burgos allegedly ran. The deaths of two people from drug overdoses prompted the investigation into Burgos, who had allegedly provided

the victims with cocaine. The complaint submitted in support of the arrest warrant contained a sworn statement from NYPD Detective Lee Arroyo that a white van involved in an undercover buy of cocaine was "registered to Burgos." *United States v. Burgos et al.*, 20 Cr. 182 (VEC), Dkt. No. 1 ¶ 7(f) (S.D.N.Y. Feb. 3, 2020). On May 13, 2020, three months after Burgos's arrest, the government informed defense counsel that this statement was inaccurate because the white van did "not in fact appear to be registered to Burgos." *Id.* Dkt. No. 89-1 at A50 (S.D.N.Y. Oct. 15, 2020). Following receipt of the letter, Burgos moved to suppress the fruits of the arrest warrant, including drugs and drug paraphernalia recovered pursuant to a search warrant obtained on the basis of evidence Arroyo observed during Burgos's arrest. In the alternative, Burgos requested a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether the falsehood in the arrest warrant was material to the finding of probable cause and whether the falsehood was intentional or made with a reckless disregard for the truth.

At the subsequent *Franks* hearing, Arroyo testified that what he meant by the factually inaccurate statement that the white van was "registered" to Burgos was that Burgos owned the vehicle. Arroyo testified that he believed that the van was owned by Burgos because he had been told this by a confidential informant and because, in the course of his investigation, Arroyo had observed Burgos (and no others) driving the white van. Ultimately, the court denied the motion to suppress, concluding that, though the misstatement regarding the registration of the white van was necessary to the finding of probable cause for the arrest warrant, Burgos had not met his burden under *Franks* of demonstrating that the factual misstatement regarding the van's registration status was intentionally or recklessly made. On appeal, Burgos argues that this conclusion was erroneous.[1]

---

[1] Burgos also argues that the district court erred in failing to consider the omission from the complaint that Arroyo's knowledge of the van's ownership came from a confidential informant. According to Burgos, the district court should

3

"It is an axiom of appellate procedure that we review legal questions *de novo* and questions of fact for clear error," and this "axiom holds true in the context of *Franks* hearings." *United States v. Rajaratnam*, 719 F.3d 139, 153 (2d Cir. 2013). Whether a person acted intentionally or with "reckless disregard for the truth is a factual question of intent, and we therefore review the court's decision for clear error." *Id.* (internal quotation marks omitted). We "recognize[] clear error only when [we are] left with a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). We are not left with that conviction here. The district court's credibility finding is entitled to "great[] deference," and we find no clear error in its conclusion that Arroyo's misstatement did not rise to the level of intentional or reckless disregard for the truth. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

## II. Evidentiary Issues

Burgos's challenges to the district court's evidentiary rulings fare no better. He challenges two of the district court's evidentiary rulings: (1) the admission of evidence from a 2016 search of an apartment connected to Burgos; and (2) the admission of testimony from witness Melissa Garcia identifying Burgos. We review both decisions for abuse of discretion. *United States v. Litvak*, 889 F.3d 56, 67 (2d Cir. 2018).

### A. Evidence of the 2016 Search

According to Burgos, evidence of a 2016 search of an apartment located at 1735 Lafayette Avenue ("Lafayette Apartment") was improperly admitted under Federal Rule of Evidence 404(b) because there was insufficient evidence that the apartment, and thus the contraband found there, was connected to Burgos. In the event that evidence from the 2016 search was admissible, Burgos

---

have analyzed whether this omission was intentional or made with a reckless disregard for the truth. Burgos failed to make this argument below and it is therefore waived. *United States v. Klump*, 536 F.3d 113, 120 (2d Cir. 2008) (observing, in the context of a *Franks* challenge, that "the failure to assert a particular ground in a pre-trial suppression motion operates as a waiver").

argues it should have been excluded as unduly prejudicial under Federal Rule of Evidence 403.

Rule 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The government argued that the evidence of the 2016 search and the drugs recovered from the Lafayette Apartment were relevant to rebut Burgos's defense that he only operated a barbershop out of the apartment where he was arrested and thus that he was unconnected to the drugs found there. This was the same claim he made regarding the 2016 search of the Lafayette Avenue apartment. Given this defense, evidence of the 2016 search of the Lafayette Apartment was admissible under Rule 404(b)(1) to establish Burgos's knowledge and intent regarding the drugs recovered from apartments Burgos claimed to use only as barbershops. The district court did not abuse its discretion in admitting the 2016 search of the Lafayette Apartment into evidence.

Nor did the district court abuse its discretion in determining that a reasonable jury could find the necessary conditional fact—that Burgos knew of the drugs found in the 2016 search of the Lafayette Apartment—by a preponderance of the evidence. *See Huddleston v. United States*, 485 U.S. 681, 690 (1988) (evidence admitted under Rule 404(b) whose relevance depends on a conditional fact is admissible so long as the court determines that "the jury could reasonably find the conditional fact . . . by a preponderance of the evidence"). Burgos was the only person in the Lafayette Apartment during the 2016 search, he was seen emerging from the back bedroom, and mail addressed to him and bearing the address for the Lafayette Apartment was recovered during the search. Based on this evidence, a reasonable jury could have found that Burgos did more than

run a barbershop out of the Lafayette Apartment and that he knew of the drugs contained therein.

Finally, the court did not abuse its discretion in admitting evidence of the 2016 search over Burgos's Rule 403 objection. Burgos's contention that "the district court failed to make any assessment of unfair prejudice, let alone conduct the conscientious, careful assessment required under Rule 403," Appellant's Br. at 50, is contradicted by the district court's extensive dialogue on the question of prejudice with counsel at the final pre-trial conference and its exclusion of evidence that guns and ammunition were found in the Lafayette Apartment.

### B.  Melissa Garcia's Testimony

During trial, Melissa Garcia, the sister of one of the overdose victims, testified that she learned at her brother's funeral that Burgos was the cocaine dealer known as "John John." Burgos now argues that the district court abused its discretion in admitting this testimony because the government failed to lay an adequate foundation for how Garcia came to know that "John John" was Burgos. Trial counsel did not object on this basis below as a strategic matter because laying the foundation, *i.e.*, referencing the funeral at which Garcia allegedly met Burgos, would require revealing that Burgos's activities had resulted in an overdose death and the government had specifically stipulated that it would not elicit any testimony from Garcia regarding her brother's death. Accordingly, this argument is waived. *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." (internal quotation marks omitted)).

### III.  Sentencing

The district court sentenced Burgos to 90 months' imprisonment and five years' supervised release on December 7, 2021. This sentence reflected an upward variance from the Guidelines

6

range of 41 to 51 months. The district court justified this upward variance on the grounds that (1) above and beyond the average serious drug offense, Burgos was on heightened notice of the impact of his conduct because he was personally aware of the two overdose deaths his sale of drugs had caused and yet had continued to deal drugs; (2) Burgos's history of drug dealing indicated he had no respect for the law, particularly given that he held a full-time job in tandem with his dealing and was not dealing to feed a personal habit; (3) Burgos was the most culpable of the co-conspirators; (4) Burgos was in particular need of personal deterrence given his history of arrests for similar conduct, including his 2016 arrest where he was found with "drugs, guns, and cash," and the fact that neither the overdose deaths nor his role as a father had deterred his illegal activity; and (5) there was a need to protect the public given the guns found in 2016 and that he had sold drugs that had resulted in deaths. Burgos urges this Court to find that the district court procedurally erred by basing its upward variance in part on the facts of the 2016 search because it was not proven by a preponderance of the evidence that the criminal evidence recovered during that search belonged to Burgos.

Burgos is correct that courts are required to find facts relevant to sentencing by a preponderance of the evidence, *see United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005), but his argument that the facts of the 2016 search and arrest did not meet the preponderance standard is meritless. As already mentioned, Burgos was the only person in the apartment during the 2016 search, he was seen emerging from the back bedroom, and mail addressed to him and bearing the address for the apartment was recovered during the search. This was more than enough evidence for the district court to find the facts of the 2016 search established by a preponderance of the evidence and on which to base its upward variance.

                              *                    *                    *

For the above reasons, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court